IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, ex rel., <br> JOEL MARTINEZ, (R14596), <br><br> Petitioner, <br><br> v. <br><br> MARC HODGE, Warden, Lawrence Correctional Center, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) Case No. 12 C 2012 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Judge:

On March 16, 2012, pro se Petitioner Joel Martinez filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). Before the Court is Respondent's motion to dismiss Martinez's habeas petition as untimely. *See* 28 U.S.C. § 2244(d)(1). For the following reasons, the Court grants Respondent's motion to dismiss and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). The Court therefore dismisses this action in its entirety.[1]

**PROCEDURAL BACKGROUND**

On July 28, 2005, Martinez entered into a negotiated plea of guilty to one count of first degree murder in the Circuit Court of Cook County, Illinois. (R. 8, Habeas Rule 4 Exs., Ex. A.) That same day, the Circuit Court sentenced him to twenty-five years in prison. (*Id*.) On September 22, 2005, Martinez filed a pro se motion to withdraw his guilty plea. (Exs. M, N.)

---

[1] Petitioner's response to Respondent's motion to dismiss brought pursuant to 28 U.S.C. § 2244(d)(1) was due on or before May 21, 2012. To date, Petitioner has failed to file his response.

On December 13, 2005, Martinez withdrew his motion and did not appeal his conviction or sentence. (Exs. A, M.)

On March 12, 2008, Martinez filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*., alleging that: (1) his trial counsel was constitutionally ineffective; (2) he is actually innocent; (3) his sentence was void because the trial court did not admonished him of the mandatory supervised release ("MSR") term; and (4) his confession was involuntary. (Exs. A, N, O.) On May 9, 2008, the Circuit Court of Cook County dismissed Martinez's post-conviction petition. (Exs. N, Q.)

Martinez appealed the Circuit Court's dismissal of his post-conviction petition arguing that: (1) he is actually innocent; (2) his trial counsel was constitutionally ineffective; (3) the trial court improperly admonished him regarding his MSR term; and (4) the post-conviction trial court failed to fully review his post-conviction petition. (Exs. A-C.) On October 27, 2010, the Illinois Appellate Court affirmed the trial court's dismissal of Martinez's post-conviction petition and on May 25, 2011, the Supreme Court of Illinois denied Martinez's petition for leave to appeal ("PLA") his post-conviction petition. (Exs. E, F.)

On July 7, 2011, Martinez filed a pro se motion for leave to file a mandamus complaint in the Circuit Court alleging that 730 ILCS 5/3-6-3 – the statute under which the Circuit Court sentenced him – violated the Illinois Constitution's single subject rule. (Exs. G, H.) On September 20, 2011, the Circuit Court denied Martinez's motion. (Ex. H.) Thereafter, on November 8, 2011, Martinez filed a pro se motion for leave to file a late notice of appeal that the Circuit Court denied on November 18, 2011. (Exs. I, J.) On January 18, 2012, Martinez filed a pro se motion for leave to file a late notice of appeal to the Illinois Appellate Court. (Ex. K.)

The Illinois Appellate Court denied Martinez's motion on January 26, 2012. (*Id.*)

The Court received Martinez's pro se petition for a writ of habeas corpus on March 20, 2012. Although Martinez did not date or attached a certificate of mailing to his habeas petition, the first docket entry states that the envelope containing Martinez's habeas petition was postmarked March 16, 2012. (R. 1.) Construing his pro se habeas petition liberally, *see Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012), Martinez maintains that: (1) the Circuit Court's failure to grant a post-conviction evidentiary hearing violated his due process rights; (2) the statute under which he was sentenced, namely, 730 ILCS 5/3-6-3, denied him due process and equal protection; and (3) 730 ILCS 5/3-6-3 violates the Illinois Constitution's single subject rule. (R. 1.)

## LEGAL STANDARD

"AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus." *Wall v. Kholi*, ___ U.S. ___, 131 S.Ct. 1278, 1283, 179 L.Ed. 252 (2011) (citing 28 U.S.C. § 2244(d)(1)(A)); *see also Price v Pierce*, 617 F.3d 947, 950 (7th Cir. 2010). "This period runs 'from the latest of' four specified dates, including":

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Wall,* 131 S.Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(1)(A)-(D)).

## ANALYSIS

I.   **Timeliness Analysis**

As a starting point, the Court turns to the date upon which Martinez's judgment became final under 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez v. Thaler*, ___ U.S. ___ 132 S.Ct. 641, 653-54, 181 L.Ed.2d 619 (2012) (conviction becomes final upon expiration of time for seeking direct review). Martinez's conviction became final on August 28, 2005, which was 30 days after the Circuit Court of Cook County entered judgment on Martinez's guilty plea and sentenced him to 25 years in prison. *See* Ill.S.Ct.R. 604(d). To clarify, under Illinois Supreme Court Rule 604(d):

> No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment.

210 Ill.2d. R. 604(d). In short, "Rule 604(d) establishes a condition precedent for an appeal from a defendant's plea of guilty." *People ex rel. Alvarez v. Skryd,* 241 Ill.2d 34, 40, 348 Ill.Dec. 384, 944 N.E.2d 337 (Ill. 2011) (citation omitted).

Accordingly, to perfect his appellate rights, Martinez had 30 days from the day the Circuit Court of Cook County entered judgment on July 28, 2005 to file a motion to withdraw his guilty plea. *See People v. Green,* 375 Ill.App.3d 1049, 1053, 314 Ill.Dec. 570, 874 N.E.2d 935 (2d Dist. 2007) ("defendant's failure to follow Rule 604(d) by moving to withdraw his guilty plea and vacate the judgment subjected him to the consequence actually specified by the rule –

the loss of his right to appeal the judgment."). Because Martinez filed a late motion to withdraw his guilty plea on September 22, 2005, the statute of limitations began to run on August 28, 2005. Thus, absent statutory or equitable tolling, Martinez was required to file his federal habeas petition on or before August 28, 2006. *See Newell v. Hanks,* 283 F.3d 827, 833 (7th Cir. 2002) (one-year limitations period expires on anniversary of date conviction became final). Martinez filed the present habeas petition on March 16, 2012 – over five years after the statute of limitations had run.

Although the limitations period is tolled during a properly filed application for state post-conviction relief, *see* 28 U.S.C. § 2244(d)(2), Martinez did not file his post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act until March 12, 2008 – well after the August 28, 2006 deadline. *See DeJesus v. Acevedo,* 567 F.3d 941, 943 (7th Cir. 2009) ("a state proceeding that does not begin until the federal year has expired is irrelevant"). Similarly, Martinez's mandamus action, filed on July 7, 2011, did not toll the limitations period. *See id.* Indeed, Martinez filed all of his collateral motions and applications after August 28, 2006, and thus these motions do not toll the one-year limitations period. *See Griffffith v. Rednour,* 614 F.3d 328, 329 (7th Cir. 2010); *Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007).

For the sake of completeness, the Court turns to other, potential tolling arguments to determine whether Martinez's habeas petition is timely. First, construing Martinez's pro se habeas petition liberally, he contends that his failure to file a timely habeas petition was because his court-appointed trial counsel abandoned him after he pleaded guilty. The Court reviews this argument under the statutory tolling provision Section 2244(d)(1)(B) concerning a state-created impediment. Section 2244(d)(1)(B) allows a petitioner to "file a habeas corpus petition within

one year from 'the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.'" *Lloyd v. Van Natta,* 296 F.3d 630, 632-33 (7th Cir. 2002) (quoting 28 U.S.C. § 2244(d)(1)(B)); *see also Moore v. Battaglia,* 476 F.3d 504, 506-07 (7th Cir. 2007). The impediment to filing must be created by a state action, and it is well-established that "a public defender does not act under color of state law when counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Therefore, Martinez's reliance based on his court-appointed counsel's alleged abandonment does not toll the limitations period under Section 2244(d)(1)(B).

In addition, equitable tolling does not excuse Martinez's untimely habeas petition. More specifically, although the one-year limitations period is subject to equitable tolling, courts will only allow equitable tolling if extraordinary circumstances beyond the petitioner's control prevented the timely filing of his habeas petition. *See Holland v. Florida,* ___ U.S. ___, 130 S.Ct. 2549, 2560, 177 L.Ed. 2d 130 (2010). A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Socha v. Pollard,* 621 F.3d 667, 672 (7th Cir. 2010).

Here, nothing in the record indicates that Martinez diligently pursued his rights and that extraordinary circumstances prevented Martinez from complying with the one-year limitations period – nor has Martinez argued as such. Moreover, ineffective assistance of counsel is not a valid basis for equitable tolling. *See Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir. 1999); *see*

*also Johnson v. McCaughtry,* 265 F.3d 559, 566 (7th Cir. 2001) ("a lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling"). Again, Martinez's contention that he was late in filing his habeas petition because his trial lawyer abandoned him is unavailing.

Because Martinez has not established that statutory or equitable tolling applies under the circumstances, his habeas petition is untimely.

## II.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Martinez a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El,* 537 U.S. at 336; *Resendez v. Knight,* 653 F.3d 445, 446 (7th Cir. 2011). Under this standard, Martinez must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). In cases where a district court denies a habeas claim on procedural grounds, a certificate of

appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As the Seventh Circuit has repeatedly held "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd,* 235 F.3d 356, 358 (7th Cir. 2000) (collecting cases); *see also West v. Schneiter,* 485 F.3d 393, 395 (7th Cir. 2007) ("questions of statutory interpretation, such as whether the petition was timely, do not qualify for a certificate, because they do not concern the Constitution"). As such, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss Martinez's habeas petition as untimely. The Court further declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** May 31, 2012

                                              **ENTERED**

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**